# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 29 2018, 9:30 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kristin A. Mulholland
LeBlanc & Mulholland, LLC
Crown Point, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In Re:<br>The Marriage of Eric Johnson,<br><br>*Appellant-Petitioner,*<br><br>v.<br><br>Janet Johnson,<br><br>*Appellee-Respondent* | March 29, 2018<br><br>Court of Appeals Case No.<br>64A03-1711-DR-2575<br><br>Appeal from the Porter Superior<br>Court 2<br><br>The Honorable William E. Alexa,<br>Judge<br><br>The Honorable Katherine R.<br>Forbes, Magistrate<br><br>Trial Court Cause No.<br>64D02-1210-DR-10904 |

**Vaidik, Chief Judge.**

# Case Summary

In dissolving the thirty-four-year marriage of Eric Johnson ("Husband") and Janet Johnson ("Wife"), the trial court evenly split Husband's 401(k) between them but ordered Husband to pay 90% and Wife to pay 10% of a parent PLUS loan that Husband took out to assist with their children's college expenses. Based on the disparity in the parties' incomes, we find that the trial court did not err in dividing the parties' assets and debts. The court erred, however, by making Wife's obligation to pay her portion of the loan contingent on an action being filed against Husband to collect on the loan. We therefore affirm in part and reverse and remand in part.

# Facts and Procedural History

Husband and Wife were married in 1980. The couple had three children, each of whom attended college. The youngest child last attended college in 2008. Husband took out approximately $43,100 in parent PLUS loans to assist with the children's college expenses. *See* Tr. Vol. II p. 44. Husband didn't pay "much at all" toward the loans because he was "in a financial bind." *Id.* at 45. At some point he consolidated the loans into one.

[2] Husband filed for divorce in October 2012 and for Chapter 13 bankruptcy in 2014.[1] A final hearing was held in the divorce case on November 3, 2014, and Wife failed to appear. The trial court issued a decree of dissolution one week later.

[3] Thereafter, Wife filed a motion to set aside the decree. In March 2016, the trial court, based on an agreement between the parties, set aside the property division contained in the decree. Appellant's App. Vol. II p. 12.

[4] The trial court held a hearing regarding property division in June 2017. At issue was Husband's 401(k) and the loan.[2] Evidence was presented regarding Husband's and Wife's earning abilities. That is, Husband was earning $66,000 a year as a supervisor for a trucking company; Wife was earning $8.00/hour working thirty-five hours per week as a preschool teacher. Evidence was also presented that Husband's 401(k) was valued at $44,020.10 when he filed for divorce in October 2012. As for the loan, Husband testified that he had not made any payments on it since 2012 and that it had a balance of "around 80 some thousand." Tr. Vol. II p. 40. The exhibit Husband presented showed that as of December 26, 2013, the loan had a balance of $68,187.17. Ex. 1. Husband said that although he was currently in bankruptcy proceedings, the

---

[1] Husband did not know what month in 2014 he filed for bankruptcy, but it was before November 10, 2014, as the decree of dissolution notes that the marital residence "is in [the] Chapter 13 bankruptcy filing of the Husband." Appellant's App. Vol. II p. 8.

[2] There was other property in the marriage, but neither party challenged how the trial court divided it in the November 2014 decree of dissolution. *See* Tr. Vol. II p. 47 (attorneys for Husband and Wife agreeing that the trial court's division of the other property could "remain as it was in th[e] original" decree).

loan would not be discharged and that he "would have to pay [it]."[3] Tr. Vol. II p. 39. Based on Husband's earning ability, Wife asked the trial court to award her half of his 401(k) and to order Husband to pay the entire loan. Husband, on the other hand, asked the court to award him all of his 401(k). In exchange, he said that he would "assume 100%" of the loan. *Id.* at 43. Following the hearing, the court awarded Wife half of Husband's 401(k).[4] As for the loan, the court found:

> Husband has paid very little, if anything, on these loans. The amount that is now due is close to twice the amount that Husband originally borrowed. . . . [N]o action has been filed against Husband to collect these debts. His tax refunds have not been intercepted to be applied towards the debt nor have his wages been garnished. Husband requests the Court order him to be responsible for the school loan debt and in return award to him 100% of his 401-k. The Court finds to do so, would result in an injustice to [Wife]. The Court doubts if he is ever going to be forced to pay any of these loans back and to award him 100% of his 401-k would not be equitable under the circumstances. Additionally, Husband's income is over 3 times that of Wife.

Appellant's App. Vol. II p. 15.

---

[3] Although student loans generally are not dischargeable in bankruptcy, a bankruptcy filing operates as an automatic stay of the collection of debts. *See* 11 U.S.C. § 362. Accordingly, since 2014 there have been no efforts by the Department of Education to collect on this loan.

[4] Because Husband gave Wife $1000 from his 401(k) during a period when the parties reconciled (after Husband filed for divorce in October 2012 but before the divorce was finalized in November 2014), the actual amount awarded was $21,010.05. In addition, because Husband had withdrawn a large sum of money from his 401(k) and that amount no longer existed in the 401(k), *see* Tr. Vol. II p. 36, the court found that "the sum of $21,010.05 is reduced to judgment in favor of the Wife," Appellant's App. Vol. II p. 14.

[5] Husband filed a motion to correct error, arguing that the trial court "committed error in not dividing the U.S. Department of Education debt between the parties" and in "essentially requiring [him] to pay 100% of the [marital] debt." *Id.* at 16-17. Husband claimed that the fact that the Department of Education had not yet begun collection efforts did not mean that he won't have to pay back the loan at some point. A hearing was held in September 2017, following which the court ordered:

> That with respect to the U.S. Department of Education Loan, the Court erred in not ordering Wife to be responsible for a portion of the outstanding loan. The Court now corrects said error and finds that the outstanding loan shall be divided with the Wife being responsible for 10% of said loan and Husband 90% of said loan. This amount shall not be subtracted from Wife's share of the Husband's 401-k but shall be paid, if and when, an action is filed to collect on this obligation. If and when this happens, Husband shall provide Wife with all paperwork associated with the collection process and Wife shall pay her share directly to the agency seeking to collect said debt. The Court finds that this unequal division of the loan is fair and equitable due to the fact that there is a huge disparity in the parties' income and Husband[] has a greater ability to pay such loan.

*Id.* at 19.

[6] Husband now appeals.

# Discussion and Decision

[7] Husband appeals the trial court's division of the parties' property. Wife has not filed an appellee's brief. When the appellee has failed to submit a brief, we

need not undertake the burden of developing an argument on the appellee's behalf. Rather, we will reverse the trial court's judgment if the appellant's brief presents a case of prima facie error. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006). Prima facie error in this context is defined as, "at first sight, on first appearance, or on the face of it." *Id.* Where an appellant is unable to meet this burden, we will affirm. *Id.*

[8] In a dissolution action, the trial court must divide the property of the parties in a just and reasonable manner. Ind. Code § 31-15-7-4. An equal division is presumed just and reasonable, but a party may rebut this presumption by presenting evidence concerning the following factors:

> (1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.
>
> (2) The extent to which the property was acquired by each spouse:
>
>> (A) before the marriage; or
>>
>> (B) through inheritance or gift.
>
> (3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) The earnings or earning ability of the parties as related to:

> (A) a final division of property; and

> (B) a final determination of the property rights of the parties.

Ind. Code § 31-15-7-5.

[9] The trial court's division of property is "highly fact sensitive." *Love v. Love*, 10 N.E.3d 1005, 1012 (Ind. Ct. App. 2014). We will reverse a property division only if there is no rational basis for the award, and although the circumstances may have justified a different division, we may not substitute our judgment for that of the trial court. *Augspurger v. Hudson*, 802 N.E.2d 503, 512 (Ind. Ct. App. 2004).

[10] Husband argues that the trial court's division of his 401(k) 50-50 but its division of the loan 90-10 is "not fair or reasonable." Appellant's Br. p. 13. As the trial court explained in its order, the "unequal division of the loan is fair and equitable due to the fact that there is a huge disparity in the parties' income and Husband[] has a greater ability to pay such loan." At the time of the hearing, Husband was making $66,000 a year while Wife was making $8.00/hour working thirty-five hours per week. This is a rational basis for the unequal

division of the loan. Accordingly, the court did not err in ordering Husband to pay 90% of the loan.

[11] Husband also challenges the following portion of the trial court's order regarding when Wife's obligation to pay her portion of the loan triggers:

> [Wife's 10%] shall be paid, if and when, an action is filed to collect on this obligation. If and when this happens, Husband shall provide Wife with all paperwork associated with the collection process and Wife shall pay her share directly to the agency seeking to collect said debt.

Husband asserts that if he voluntarily pays the debt without an action being "filed" against him—for example, if he enters into a repayment agreement with the Department of Education—Wife will never be required to pay anything. As the order is currently written, Husband is technically correct. We therefore remand this case for the trial court to amend its order to provide something along these lines:

> Wife's 10% shall be paid if and when collection is instituted against Husband or Husband begins paying the loan. If and when this happens, Husband shall provide Wife with all paperwork associated with the payment process and Wife shall pay 10% of the payment directly to the creditor.

Affirmed in part, reversed and remanded in part.

Barnes, J., and Pyle, J., concur.